### 28200. POPE *v.* COPELAND.

DECIDED APRIL 22, 1940.

A. B. Taylor, for plaintiff in error. John M. Morrow, contra.

SUTTON, J. On February 14, 1939, R. L. Copeland filed suit against L. M. Pope on a note dated February 23, 1931, for $133.10, with interest from date at eight per cent. per annum, and alleged that the amount of principal and interest due on this note to October 15, 1938, was $207.38. The defendant filed a plea and answer in which he contended that he had overpaid the note sued on, and that the plaintiff was indebted to him in the sum of $123.15. He alleged that he paid to the plaintiff during the year 1931 seven bales of cotton of the value of $280, cottonseed $42.62, fifty bushels of corn of the value of $50, fodder $20, oats $10, eighty-five days work at $1 per day, and certain shop work $15; that he was indebted to the plaintiff $115.85 for supplies and $60 for fertilizer furnished in making crop in the year 1931; and that the plaintiff was indebted to him in the sum of $123.15. The jury returned a verdict for the plaintiff for $220.69. The exception is to the judgment overruling the defendant's motion for new trial.

1. The plaintiff testified, that the defendant rented land from him on halves, to make a crop during the year 1931; that he furnished to the defendant $180.20 worth of supplies and $67 worth of fertilizer in making the crop; that the defendant's part of the

crop lacked $14 of paying for the supplies and fertilizer so furnished; and that the note sued on was still unpaid. (The note was given to the plaintiff by the defendant for other indebtedness due at the time he moved on plaintiff's land.) The plaintiff testified that he received from the defendant seven bales of cotton worth eight or eight and a fraction cents per pound, and $39 worth of cottonseed, corn, and fodder, to be applied on his account; that the defendant and his sons did some work for him on the place, but that he paid them for the work as it was done. The defendant testified, that he and his sons worked for the plaintiff when they were not busy in their crops, and in all worked eighty-five days, for which the plaintiff was to pay them $1 per day, but he had not paid them anything for the work; that he (defendant) turned over to the plaintiff fourteen bales of cotton, one half of which belonged to him, and that the cotton was worth eight cents per pound and amounted to $280. He then testified that he turned over to the plaintiff the cottonseed and other items set out in his plea, and that the plaintiff was due him $123.15 over and above the amount of the note. The plaintiff's books were introduced in evidence; and it was contended by him that they showed the amount of supplies and fertilizers furnished by him to the defendant, and the amount of crops received by him from the defendant for the year 1931. The evidence was conflicting, but the jury was authorized to find (1) that the plaintiff paid the defendant and his sons for the work they did for him; (2) that the crops received by the plaintiff from the defendant did not amount to more than enough to pay him for the supplies and fertilizers furnished to the defendant during the year 1931; and (3) that the note sued on had not been paid.

2. The contention of the plaintiff in error that the admission of the books in evidence was illegal and erroneous, on the ground that he did not have an opportunity to make objections thereto, is without merit.

3. The contentions of the plaintiff in error that the charge of the court placed too great a burden on him with reference to proving his defense, and that the charge was confusing and misleading, are not well taken. The judge charged the jury that the burden was on the plaintiff to make out his case by a preponderance of the evidence, that when the note sued on was introduced in evidence a

prima facie case was made out for the plaintiff, and that the burden then shifted to the defendant to make out his defense of payment of the note. The judge fairly submitted the issues to the jury, and the charge was not erroneous for any reason as contended by the plaintiff in error.

4. The verdict being authorized by the evidence, and no error of law appearing, the judgment is

*Affirmed. Stephens, P. J., and Felton, J., concur.*